| UNITED STATES BANKRUPTCY COURT | |
| DISTRICT OF MINNESOTA | |
| --- | --- |
| In re:<br><br>ARC Venture Holding, Inc., et. al.,<br><br>Debtors,[1] | Case No. 08-46367<br><br>(Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER APPROVING THE SALE ( ITS RIGHTS TO THE ADDITIONAL PAYMENTS UNDER THE EXISTING SETTLEMENT AGREEMENT WITH VISA U.S.A. INC.[2] AND MASTERCARD INTERNATIONAL INCORPORATED[3] FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES[4]**

Debtors' Motion For An Order Approving the Sale of Its Rights to the Additional Payments

Under the Existing Settlement Agreement with Visa and Mastercard Free and Clear of All Liens,

Claims, and Encumbrances (the "Motion");[5] it appearing that proper and adequate notice of the

Motion has been given and that no other or further notice or Order is necessary, the Court finds

that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a

---

[1] Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. BKY 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a/ Advantage, Case No. BKY 08-46368; Advantage Rent-A-Car, Inc., Case No. BKY 08-46369; Coast Leasing Corp., Case No. BKY 08-46370; Floral Leasing Corp., Case No. BKY 08-46371; Iliad Leasing Corp., Case No. BKY 08-46372; Miso Leasing Corp., Case No. BKY 08-46373; Nugget Leasing Corp., Case No. Bky 08-46374; Okra Leasing Corp., Case No. BKY 08-46375; Rainier Leasing Corp., Case No. BKY 08-46376; San Antonio Rental & Leasing Co., Inc. Case No. BKY 08-46377; Steamboat Springs Rental & Leasing Co., Inc., Case No. BKY 08-46379; Sun Leasing Corporation, Case No. BKY 08-46380; Tradewinds U-Drive, Inc., Case No. BKY 08-46383; Ute Leasing Corporation, Case. No. BKY 08-46384; Advantage Licensing LLC Case No. 09-40394.

[2] Hereinafter "Visa"

[3] Hereinafter "Mastercard."

[4] Hereinafter "the Order."

[5] Capitalized terms not expressly defined herein have the same meaning as ascribed by the Motion, the Memorandum of Law, or the Exhibits.

core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of these cases and the Motion are proper in this District pursuant to 28 USC §§ 1408 and 1409; (iv) notice of the Motion and the hearing was sufficient under the circumstances; and (v) the relief requested in the Motion is in the best interest of the Debtors, their estates, creditors and other parties in interest and that, in light of the record of the hearing on the Motion, and all parties in interest and that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation, good and sufficient cause exists for the relief requested.  Based on the arguments of counsel, all of the files, records, and proceedings herein, the Court being fully advised in the premises and accordingly:

IT IS HEREBY ORDERED:

1.    The Motion is GRANTED and the terms of the Sale Agreement, attached as Exhibit 1 to the Motion and incorporated herein, are APPROVED in its entirety.

2.    Pursuant to section 363(b) of the Bankruptcy Code, Debtors are authorized to sell its rights to the Additional Payments under the Visa and MasterCard Anti-Trust Litigation to the Purchaser as described in the Sale Agreement.

3.    Purchaser is directed to make payment of the Purchase Price to Debtors for the rights to the Additional Payments within ten days of entry of this Order and in the manner specified by the Sale Agreement.

4.    Pursuant to section 363(f) of the Bankruptcy Code, the sale of Debtors rights to the Additional Payments to the Purchaser (the "Sale") shall be free and clear of any and all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims and encumbrances have on Debtors' rights to the Additional Payments, as appropriate,

subject to the rights and defenses of Debtors and any party in interest with respect thereto.

5.  The assets are to be sold free and clear of all Claims and Interests. Those holders of Claims and Interests, including but not limited to U.S. Bank National Association, Hyundai Motor Finance Company, Carlton Financial Corporation, and Gelco Corporation (collectively "the Fleet Lenders"), are adequately protected by having their Claims and Interests that are secured by liens, security interests and similar encumbrances, if any, in the same manner and form, including but not limited to, as consented to in Case No. 08-46367 Docket No. 185, 186, 189, and 336, attach to the Net Proceeds of the Sale ultimately attributable to the property against or in which they assert such Claim or Interest, with the same validity, priority and effect that existed immediately prior to the consummation of the Sale and subject to any and all rights, claims and defenses that the Debtors may have with respect thereto. The Debtor shall establish a separate interest Bearing Debtor in Possession Account with Bank of the West for the receipt of the proceeds of the sale until such time as all holders of Claims and Interests agree on the distribution of the proceeds of the sale or until further order of the Court.

6.  Purchaser is hereby deemed a good faith purchaser under section 363(m) of the Bankruptcy Code and is granted the protections afforded therein;

7.  Debtors are authorized to execute and deliver such deeds, assignments, conveyances, and other documents, and instruments of transfer and to take such other actions as may be reasonably necessary to consummate the Sale;

8.  The ten-day stay under Bankruptcy Rule 6004(h) is waived.

9.  Debtors are hereby authorized, but not directed, to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Relief as described and approved in this Order.

10. Entry of this Order is without prejudice to the rights of Debtors, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. This Order is effective immediately upon its entry.


BY THE COURT:

Dated:  April 1, 2009

/e/ Dennis D. O'Brien
_____
The Honorable Dennis D. O'Brien
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *04/01/2009*
Lori Vosejpka, Clerk, By DLR, Deputy Clerk

1248527.1