UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

In re:                                                                          BKY Case No.:  08-46367

ARC Venture Holding, Inc., et al.,                                                        Chapter 7
                                                                                (Jointly Administered)
           Debtors.[1]
_____

**TRUSTEE'S REPLY TO OBJECTION BY U.S. BANK,
HYUNDAI CAPITAL AMERICA AND GE FLEET LEASING**
_____

Brian F. Leonard, Trustee ("**Trustee**"), by and through his counsel, submits his Reply to the Objection of U. S. Bank, Hyundai Capital America and GE Fleet Leasing (the "**Fleet Lenders**").

In his Statement filed pursuant to the Order of June 19, 2009, the Trustee argues for a temporary cessation of all litigation and proceedings, and an effort by all parties to resolve all matters involving the Fleet Lenders litigation. The Trustee reiterates that position. The instant motion was filed merely because of a perceived 10 day deadline established under said Order.

In Section 2:6 of the Bankruptcy Law Manual (5th Edition), this Court stated that an undersecured creditor is entitled to protection against depreciation, but cannot be compensated for "opportunity costs" or "use value of money". The Court also cited with approval the case of *Qmect, Inc. v. Burlingame Capital Partners II, L.P.*, 373 B.R. 682, 689-90 (N.D. Cal. 2007) for

---

[1] Jointly administered estates of the following Debtors:  ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

the proposition that adequate protection given a secured creditor which exceeds the diminution in value of the collateral is impermissible.

In his Motion, the Trustee asserts that the Fleet Lenders should have their adequate protection claims limited to the amount of depreciation of their collateral while used by the Debtors. The Stipulation in question gives the Fleet Lenders far more than compensation based on depreciation. The Stipulation gives the Fleet Lenders payments equal to the Debtors' payments on the leases under which third parties leased the vehicles to the Debtors, plus payments on lease rejection claims, and the Fleet Lenders will assert all such claims against the $10 million escrow fund, to the prejudice of all other administrative claimants and unsecured creditors. The Trustee believes that true depreciation per vehicle is about $10.50 per vehicle per day. The adequate protection payments under the Stipulation are about $15.93 per vehicle per day.

## FACTUAL BACKGROUND

1. The Debtors obtained their rental fleet by leasing vehicles (the "**Leases**") from Rosedale Dodge, Inc., GE Fleet Leasing, Rosedale Fleet Leasing II, Inc., and Walden Fleet Services II, Inc. (the "**Vehicle Lessors**"), and then re-leased its vehicles to retail customers. Dennis E. Hecker ("**Hecker**") directly or indirectly owns the Vehicle Lessors.

2. Fleet Lenders made loans to the Vehicle Lessors to purchase the vehicles which were subsequently leased to the Debtors (the "**Acquisition Loans**"). Hecker personally guaranteed the Acquisition Loans. Hecker is also a 100% owner of the Debtors.

3. The Fleet Lenders have liens on the Debtors' rental fleet and assert that they are entitled to adequate protection payments equal to the monthly lease payments (the "**Lease Payments**") the Debtors were ostensibly obligated to make to the Vehicle Lessors.

2

4. The Debtors had entered into a Stipulation and Order Pursuant to 11 U.S.C. §§361, 362, and 363 Granting Adequate Protection to the Fleet Lenders ("**Stipulation**") dated January 30, 2009 granting the Fleet Lenders adequate protection payments of $478.00 per vehicle per month.

5. The Stipulation contained the following language which reserved the right of the Official Committee of Unsecured Creditors (the "**Committee**") to object to the terms of the Stipulation:

> Defeasance: All of the adequate protection payments made hereunder are defeased and relinquished from the Debtors' estates.....The provisions of this Paragraph 4(e)[allowing Fleet Lenders an administrative expense priority claims for the agreed upon adequate protection payments] shall survive any termination or expiration of this Stipulation and Order, provided however, that **no provision of this order shall be binding on the Committee** [Official Committee of Unsecured Creditors] **(or any chapter 11 trustee, if one is appointed)** including, without limitation, the provisions of this paragraph, i**f, within 45 days following the entry of this order... the Committee files an objection to such provisions,** or makes a motion or commences a proceeding related thereto, provided, further, however, that to the extent the Committee does not otherwise challenge such provision in accordance with this subparagraph, the amounts of the adequate protection payments provided in this Stipulation and Order shall not be subject to modification.

Stipulation, Para. 4 (g) (emphasis added).

6. The Bankruptcy Court entered an Order approving the Stipulation on February 2, 2009.

7. On March 16, 2009, within 45 days of the entry of the Order approving the Stipulation, the Committee filed its Objection to the Stipulation.

8. The Bankruptcy Court approved the sale of all of the Debtors' assets to Hertz Corporation on April 6, 2009 and ordered that 10 million dollars of the sale proceeds be placed in escrow for satisfaction of the Fleet Lenders' administrative claims.

9. On April 15, 2009, the Bankruptcy Court entered an Order approving the Debtors' rejection of all Vehicle Lease Agreements between Southwest Texas Leasing Company and the Vehicle Lessors.

10. On April 15, 2009, the United States Trustee filed its Motion to Dismiss or Convert the Chapter 11 Proceeding to a Chapter 7 Proceeding.

11. The Bankruptcy Court held an evidentiary hearing on the Committee's Objection to the Stipulation on April 23 and 24, 2009.

12 The Chapter 11 case was converted to a chapter 7 proceeding on June 3, 2009.

13. No order has been entered regarding the Unsecured Creditors Committee's Objection to the Stipulation.

**ARGUMENT**

**I. THE FEBRUARY 2, 2009 ORDER IS NOT RES JUDICATA AS NO FINAL ORDER HAS BEEN ENTERED REGARDING THE COMMITTEE'S OBJECTIONS TO THE STIPULATION FOR ADEQUATE PROTECTION.**

**A. As There is No Final Order Approving the Stipulation, Res Judicata Does Not Bar the Trustee's Motion Objecting to the Stipulated Amount of Adequate Protection Payments to the Fleet Lenders.**

The February 2, 2009 Order approving the Stipulation reserved the right of the recently appointed Committee to object to the terms of the Stipulation, allowing the Committee 45 days to file its objection. The Committee filed a timely objection, and an evidentiary hearing was held but no order was entered. Now the Trustee requests that this Court make factual findings regarding the dollar amount of the Fleet Lenders' replacement liens based on adequate protection to which the Fleet Lenders were entitled when the Debtors had use and possession of their collateral in the Chapter 11 proceeding.

The Fleet Lenders assert that the doctrine of res judicata bars this Court from making a factual finding regarding the amount of adequate protection and the resulting replacement liens of the Fleet Lenders, citing *Armstrong v. Norwest Bank, Minneapolis, N.A. (In re Trout)*, 964 F. 2d 797 (8th Cir. 1992).

> [R]es judicata bars the relitigation of those issues which were actually litigated, as well as those issues which could have been litigated, in an earlier proceeding. *Lane v. Peterson*, 899 F.2d 737 (8th Cir. 1990), *cert. denied,* 498 U.S. 823, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990). . . .Under Eighth Circuit law, res judicata bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Lane* at 742 (*citing Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989)).

*Id*. at 802.

The facts in this case differ significantly from those in *Trout*. Here, the Stipulation was approved by a court of competent jurisdiction on February 2, 2009, but that Order was not a final judgment on the merits. Judge O'Brien <u>made no findings</u> regarding the amount of adequate protection to which the Fleet Lenders were entitled. Most importantly, the February 2, 2009 Order was not final because it reserved the Committee's right to object to the Stipulation and no order has been entered addressing the Committee's objections. Unlike the *Trout* case, the validity of the Stipulation has not been litigated and no final order has been entered. "Res judicata will apply where a final judgment was entered by a court of competent jurisdiction, if the same parties (or their privies) and the same cause of action were involved." *In re Ladd,* 450 F. 3d 751, 753 (8th Cir. 2006) citing *Banks v. Int'l Union Electron.,* 390 F.3d 1049, 1052 (8th Cir. 2004). Because *res judicata* applies only to final orders, it does not bar litigation of the claim in this case.

5

## II. THE TRUSTEE SHOULD NOT BE BOUND TO THE DEBTOR-IN POSSESSIONS' STIPULATION WHERE THE DEBTORS' OWNER WAS NOT MOTIVATED TO LITIGATE OR NEGOTIATE AN ADEQUATE PROTECTION AMOUNT THAT WOULD PRESERVE ASSETS FOR UNSECURED CREDITORS.

### A. The Trustee Can Demonstrate Why He Should Not Be Bound to the Debtor in-Possession's Stipulation with the Fleet Lenders.

Hyundai asserts in its Objection to the Trustee's motion that the Trustee is bound by the actions of the Debtor-in-Possession, and that absent an appeal of the January 30, 2009 Order by the Debtor-in-Possession, the Trustee is bound by the Stipulation, citing *Armstrong v. Norwest Bank, Minneapolis, N.A. (In re Trout)*, 964 F. 2d 797 (8th Cir. 1992). Hyundai Objection at 7. As stated previously, that case is distinguishable as no final order has been entered here.

In addition, in this instance, the "Trustee is able to present evidence of factors, including equitable considerations", showing why he should not be bound by the Debtor-in-Possession's Stipulation. *See Begier v. American Express, Inc. (In re American International Airways Inc.)*, 75 B.R. 1023 (Bankr. E.D. Pa. 1987) (trustee may show equitable grounds for not being bound by DIP's agreement). Moreover, the Trustee, who is charged with administering assets for all unsecured creditors, is not bound to a prior agreement of a particular creditor and the Debtor-in-Possession. *See In re Becker*, 51 B.R. 975, 980 (Bankr. D. Minn. 1985) ("a debtor-in-possession and a creditor [cannot] agree among themselves to accord the creditor, at the expense of other interests in the case, more than what § 507(b) provides for"); *see also, Lange v. Schropp, et al. (In re Brook Valley IV)*, 347 B.R. 662, 671-72 (8th Cir. BAP 2006) (res judicata did not bar Chapter 7 trustee's breach of fiduciary duty claim arising from asset sale in chapter 11 proceeding.)

6

**B.      A Reduction of the Acquisition Loan Debt Through High Adequate Protection Payments Reduces Hecker's Personal Liability on His Guaranties of the Acquisition Loans.**

Dennis Hecker, who owned and controlled the Debtors, personally guaranteed the Acquisition Loans from the Fleet Lenders. To the extent that the loan obligations could be satisfied from the sale proceeds of the Debtors' businesses, Hecker's personal liability for outstanding unsecured debt to the Fleet Lenders would be reduced. The Stipulation was negotiated several months prior to Hecker's personal bankruptcy filing on June 4, 2009. As the owner of the Debtors and as personal guarantor of the Acquisition Loans to the Vehicle Lessors, Hecker personally faced a conflict of interest between limiting his exposure as guarantor of the Vehicle Lessors' unsecured obligations on the loans and his fiduciary duty to the Debtors' unsecured creditors. *See In re Bame*, 251 B.R. 367, 373 (Bankr. D. Minn. 2000) (DIP has duty to creditors not to waste estate assets). On account of Hecker's conflicting financial interests, here, the Debtor-in-possession was not motivated to fully litigate the issue of adequate protection or to aggressively negotiate low adequate protection payments to the Fleet Lenders, which would have benefitted the unsecured creditors. "[R]es judicata should not be applied where one or both parties have "little motivation" or "little incentive" to fully litigate an issue." *See In re Ladd*, 450 B.R. 751,753 (8th Cir. 2006) *citing Lovell v. Mixon,* 719 F.2d 1373, 1377 (8th Cir.1983). As the Supreme Court noted, the doctrine of res judicata should be applied with caution, particularly in bankruptcy cases.

> Because res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to truth. For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It therefore is to be invoked only after careful inquiry.

*Brown v. Felsen,* 442 U.S. 127, 132, 99 S.Ct. 2205 (1979). The policies of the Bankruptcy Code

7

are not served where the application of res judicata "force[s] courts to decide questions at a stage when they are not directly in issue and neither party has a full incentive to litigate them. *Id.*, 442 U.S. at 134, 99 S. Ct. 2211. In this case, a determination that the Trustee is bound by a Stipulation formulated without the participation of the unsecured creditors would allow Hecker to benefit personally at the expense of the unsecured creditors.

**III. THE MOTION'S EXHIBITS SUPPORT THE TRUSTEE'S ASSERTION THAT THE STIPULATED MONTHLY PAYMENT EXCEEDS MONTHLY DEPRECIATION PER VEHICLE.**

The exhibits to the Trustee's Motion reflect that, for many vehicles, the Fleet Lenders and the Debtors had agreed that the depreciation rate on the subject vehicles was about $10.50 per vehicle. (See Exhibit A-3, p. 2 to the Trustee's Motion). Additional exhibits to the Trustee's Motion reflect that the adequate protection payments demanded by the Fleet Lenders actually <u>exceed</u> the monthly payments per vehicle that the Fleet Lenders were to receive under the terms of the Acquisition Loan Documents. (See Exhibits A-1 and B-1 to the Trustee's Motion). Because adequate protection payments are intended to compensate the Fleet Lenders for the diminution of their collateral, here adequate protection payments should reflect the vehicles' depreciation. See *Qmect, Inc. v. Burlingame Capital Partners II, L.P.*, 373 B.R. 682, 689-90 (N.D. Cal. 2007), citing *In re Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 377, 108 S. Ct. 626, 98 L. Ed. 740 (1988). Clearly, the creditors in this case are greatly prejudiced by the Stipulation, and the Court should not issue a final approval thereof.

|  |  |
|---|---|
| | **LEONARD, O'BRIEN<br>SPENCER, GALE & SAYRE, LTD.** |
| | /e/ Brian F. Leonard |
| Dated: July 21, 2009 | By_____ |
| | Edward W. Gale, #33078 |
| | Thomas C. Atmore, #191954 |
| | Brian F. Leonard, #62236 |
| | Attorneys for Trustee |
| | 100 South Fifth Street, Suite 2500 |
| | Minneapolis, Minnesota 55402-1216 |
| | (612) 332-1030 |

## VERIFICATION

I, Brian F. Leonard, Trustee, the moving party named in the foregoing Motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

|  |  |
|---|---|
| | /e/ Brian F. Leonard |
| Dated: July 21, 2009 | _____ |
| | Brian F. Leonard |

406016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                  BKY Case No.: 08-46367

ARC Venture Holding, Inc., et al.,                                                Chapter 7
                                                                      (Jointly Administered)
                Debtors.[1]

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2009, I caused the following documents:

> *Trustee's Reply to Objection by U. S. Bank, Hyundai Capital America and GE Fleet Leasing*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a)

|                        | /e/ Luann K. Tims |
|---|---|
| Dated: July 21, 2009   | Luann K. Tims<br>100 South Fifth Street, Suite 2500<br>Minneapolis, MN  55402<br>(612) 332-1030 |

403273

---

[1] Jointly administered estates of the following Debtors:  ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.