UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In re: | Case No. 08-46367 - DDO |
|---|---|
| ARC Venture Holding, Inc., et al., | (Jointly Administered) |
| Debtors.[1] | Chapter 7 |

**TRIAL BRIEF OF HYUNDAI CAPITAL AMERICA**

Hyundai Capital America ("HCA"), formerly known as Hyundai Motor Finance Company, by and through its undersigned counsel, files this trial brief in connection with the evidentiary hearing set by the Court to resolve issues regarding the Final Fee Application of K&L Gates, LLP as Counsel to the Official Committee of Unsecured Creditors and Request to Limit Notice ("Fee Application").

**ARGUMENT**

On July 10, 2009, HCA filed an objection to the Fee Application (Doc. No. 780). Rather than repeating all of its prior arguments, HCA hereby adopts and re-asserts by reference various the arguments contained in its previous objection. In addition, HCA also agrees with and supports the objections filed by the U.S. Trustee and Chapter 7 Trustee to the approval of the Fee Application.

---

[1] Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. BKY 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. BKY 08-46368; Advantage Rent-A-Car, Inc., Case No. BKY 08-46369; Coast Leasing Corp., Case No. BKY 08-46370; Floral Leasing Corp., Case No. BKY 08-46371; Iliad Leasing Case No. BKY 08-46372; Miso Leasing Corp., Case No. BKY 08-46373; Nugget Leasing Corp, Case No. BKY 08-46374; Okra Leasing Corp., Case No. BKY 08-46375; Rainier Leasing Corp., Case No. BKY 08-46376; San Antonio Rental & Leasing Co., Inc., Case No. BKY 08-46377; Steamboat Springs Rental & Leasing Co., Inc., Case No. BKY 08-46379; Sun Leasing Corporation, Case No. BKY 08-46380; Tradewinds U-Drive, Inc., Case No. BKY 08-46383; Ute Leasing Corporation, Case No. BKY 08-46384 (collectively, the "Debtors").

726066

In particular, HCA would like to emphasize the following points describing why the fees requested by K&L Gates, LLP ("K&L") fail to meet the reasonable and necessary requirements of 11 U.S.C. § 330(a):

1. **K&L Is Seeking Reimbursement for Unnecessary Work That Did Not Benefit The Estate**

K&L incurred $44,971.00 in fees for preparing a Chapter 11 plan and disclosure statement, despite knowledge that these cases were being converted to Chapter 7 due to the sale of the Debtors' assets. The Petition Date in these cases was December 8, 2008, and the Debtors brought their motion to sell virtually all of their assets on March 4, 2009. Throughout these cases, the Debtors have unequivocally represented their intentions to sell the majority of their assets and liquidate this estate. Once the sale was approved on April 6, 2009, the U.S. Trustee brought a motion to convert these cases to Chapter 7 almost immediately thereafter. In response, the Debtors objected only to the timing of the conversion, and agreed that conversion "will save on administrative costs in the short run and may ultimately be better for creditors." (*See* Debtor's Response to Motion of U.S. Trustee to Convert Case to Case Under Chapter 7, at 1 [Doc. No. 617]). The Debtors further stated that they "have been working diligently to prepare the file for a smooth transition to a Chapter 7 Trustee." (*Id.*) Ultimately, on June 3, 2009, the Debtors voluntarily converted these cases to Chapter 7 under 11 U.S.C. § 1112(a). *See* 11 U.S.C. § 1112(a); S. Rep. No. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5903 (stating that § 1112(a) "gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case.").

Despite knowledge of this looming conversion, the Committee incurred substantial fees and expenses in drafting an unnecessary Chapter 11 plan and disclosure statement. In addition, nearly $275,000.00 of compensation sought by K&L is for services provided after May 1, 2009,

despite the Debtors' ceasing business operations on April 8, 2009, the U.S. Trustee's moving to convert these cases on April 15, 2009, and the Debtors' communicating their intent to convert the cases to Chapter 7. In fact, K&L is seeking over $30,000.00 in compensation for worked performed just three days prior to conversion. These fees and expenses did not provide an actual and necessary benefit to the bankruptcy estate and, as such, they should not be allowed.

2. **K&L Is Seeking Reimbursement for Duplicative Work**

Both K&L and its financial advisor, the Arlow Group, Ltd. ("Arlow"), seek compensation for services relating to the "Investigation and Operation of Assets." K&L is seeking $177,425.50 for these services and Arlow is seeking $113,905.00. As indicated in the Fee Application and Arlow's final fee application (Document # 761), the parties performed duplicative services, including time spent considering potential causes of action against the Debtors, their insiders, and non-debtor affiliates. To the extent these fees are duplicative, they should not be allowed.

3. **K&L's Hourly Rates Are Substantially Higher Than Projected In Its Employment Application**

In its application to serve as counsel for the Official Committee of Unsecured Creditors (Document No. 144) ("Committee Application"), K&L provided its anticipated billing rates, including a calculation of the average hourly rate it expected to charge in these cases:

> Based upon rates ranging from approximately $180 per hour to $550 per hour and [K&L's] experience in other cases, [K&L] estimates that *its blended rate…will be roughly $300 per hour*.

Now, in its Fee Application, K&L seeks approval of fees based upon a blended rate of $437.85 per hour—$137.85 per hour more than the $300 per hour estimated in K&L's employment application. Accordingly, based on the number of hours listed in the Fee Application (2,231),

3

K&L is requesting $307,543.35 in fees above its originally projected compensation.  In light of this substantial difference, and in light of the lack of any benefit to the bankruptcy estate for the services provided, HCA believes that K&L's Fee Application should be reduced by a minimum of 30%.


Dated:  August 21, 2009                     FAFINSKI MARK & JOHNSON, P.A.


By:    /e/ Edwin H. Caldie
   David E. Runck (#289954)
   Edwin H. Caldie (#388930)
   Phillip J. Ashfield (#0388990)
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, Minnesota 55344
Telephone:  (952) 995-9500
Facsimile:  (952) 995-9577
David.Runck@fmjlaw.com
Edwin.Caldie@fmjlaw.com
Phillip.Ashfield@fmjlaw.com

ATTORNEYS FOR
HYUNDAI CAPITAL AMERICA