## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

ARC Venture Holding, Inc., et al.,

Debtors.[1]

BKY Case No.: 08-46367

Chapter 7
(Jointly Administered)

---

## TRUSTEE'S MOTION FOR ORDER
## APPROVING SETTLEMENT WITH FLEET LENDERS

1.      Brian F. Leonard, the Chapter 7 Trustee in this case ("Trustee"), by and through his undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

2.      A hearing will be held on this Motion at 1:00 p.m. on December 9, 2009 before Chief Judge Nancy C. Dreher in Courtroom 7 West, U. S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55402.

3.      Any response to this Motion must be filed and served by delivery not later than December 4, 2009 which is three (3) days before the time set for the hearing (excluding Saturdays, Sundays and holidays) or filed and served by mail not later than November 30, 2009, which is seven (7) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE**

---

[1] Jointly administered estates of the following Debtors:  ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

**COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors filed their Chapter 11 Petition on December 8, 2008. This case was converted to a Chapter 7 case on June 3, 2009 (the "Conversion Date")

**BACKGROUND**.

5. Hyundai Corporation of America, U. S. Bank, and GE Fleet Leasing (hereinafter referred to collectively as the "Fleet Lenders") either held a security interest in, or leased to the Debtors, the Debtors' rental fleet of several thousand motor vehicles. During the course of the Debtors' Chapter 11 case, the Fleet Lenders moved for various forms of relief, including relief in the form of adequate protection payments. A Stipulation providing for certain payments was executed by the Fleet Lenders and the Debtors on or about January 30, 2009 and approved by the Bankruptcy Court on or about February 2, 2009 (the "Stipulation"). The Stipulation further provided that the Unsecured Creditors Committee (the "UCC") retained the right to object to the Stipulation, and subsequently the UCC interposed a formal objection thereto. The Debtors sold virtually all of their assets to Hertz Corporation on or about April 8, 2009, and in connection with said sale, the Bankruptcy Court ordered that $10 million be placed in escrow from the proceeds of such sale to fund payments to the Fleet Lenders due to the Debtors under the Stipulation.[2] The Bankruptcy Court had not ruled on the UCC's objection as of the Conversion Date. The Trustee then moved the Court for leave to prosecute the UCC's objection. The Trustee and the Fleet Lenders have engaged in extensive and protracted negotiations regarding the Fleet Lenders' claims and their rights to the balance of the Escrow Fund.

---

[2] Just prior to the Conversion Date, the Debtors reached an agreement with Carlton Financial Corporation under which it received a final payment of $260,000.00 from the Escrow Fund, leaving a present balance in the Escrow Fund of $9,740,000.00, plus interest.

## RELIEF REQUESTED

6.      The Trustee now moves for an Order approving the Stipulation which is attached hereto as Exhibit A.  The Stipulation memorializes an agreement between the Trustee and the Fleet Lenders with respect to the relative rights of each party to the Escrow Fund, and the amount of a Chapter 11 administrative claim that each of the Fleet Lenders will have without objection by the Trustee.  A description of the salient terms of the Stipulation is provided below, however, the terms of the Stipulation will control any inconsistency.

7.      The Stipulation provides that the Trustee will receive approximately $694,100.00 of the Escrow Funds, plus the interest accrued thereon.  The balance of the remaining amounts of the Escrow Funds will be paid to the Fleet Lenders, as provided in the Stipulation.  The Fleet Lenders will also have a Chapter 11 administrative claim, without further objection by the Trustee, as follows:

| | |
|---|---|
| GE Leasing | $887,385.47 |
| US Bank | $2,367,712.84 |
| HCA | $6,591,173.73 |

8.      In the event any evidence or testimony is appropriate to be provided at any hearing in this matter, the Trustee may testify and give evidence, and the Trustee may call witnesses from each of the Fleet Lenders.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order approving the Stipulation attached as Exhibit A hereto, and directing the parties to consummate the same, and for such other relief as the Court deems just and equitable.

Dated: November 3, 2009

**LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.**


By   /e/ Andrea M. Hauser
       Andrea M. Hauser, #207469
       *ahauser@losgs.com*
       Brian F. Leonard, #62236
       *bleonard@losgs.com*
       100 South Fifth Street, Suite 2500
       Minneapolis, MN  55402
       (612) 332-1030


## VERIFICATION

I, Brian F. Leonard, declare under penalty of perjury, that the information contained in the foregoing Motion is true and correct to the best of my information and knowledge.


Dated: November 10, 2009        /e/ Brian F. Leonard
                                       Brian F. Leonard, Trustee


411847

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

ARC Venture Holding, Inc., et al.,

Debtors.[1]

BKY Case No.: 08-46367

Chapter 7
(Jointly Administered)

---

## STIPULATION FOR SETTLEMENT

---

This Stipulation for Settlement (the "Agreement") is by and among U.S. Bank National Association ("U.S. Bank"), Gelco Corporation d/b/a GE Fleet Services ("GE"), Hyundai Capital America ("HCA" and, together with U.S. Bank and GE, the "Fleet Lenders"), and Brian F. Leonard, as Trustee ("Trustee" and, together with the Fleet Lenders, the "Parties").

**WHEREAS**, the Debtors filed their Chapter 11 Petitions on December 8, 2008 (the "Chapter 11 Case"), and the Chapter 11 Case was converted to Chapter 7 on June 3, 2009; and

**WHEREAS**, during the Chapter 11 Case, the Fleet Lenders and the Debtors executed a Stipulation dated January 30, 2009 (as extended, the "Stipulation"), entitling the Fleet Lenders to, among other things, (i) specific monthly adequate protection payments from the Debtors, and (ii) administrative expense claims for all unpaid post-petition lease payments or other monetary obligations; and

**WHEREAS**, the Stipulation was approved by this Court on February 2, 2009; and

---

[1] Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

EX. A

WHEREAS, the Stipulation preserved the right of the Unsecured Creditors' Committee (the "UCC") to object to the Stipulation, and, on March 16, 2009, the UCC did object (the "Objection"); and

WHEREAS, the Bankruptcy Court has not issued a ruling with respect to the Objection; and

WHEREAS, the Debtors sold their assets to a third party on or about April 8, 2009, and pursuant to an Order of the Bankruptcy Court, $10 million of said sale proceeds was placed in escrow (the "Escrow Fund") at an account at Bank of the West (the "Escrow Agent") earmarked for payment of the Fleet Lenders' claims under the Stipulation; and

WHEREAS, approximately $9,740,000.00 remains in the Escrow Fund; and

WHEREAS, counsel for the Fleet Lenders and the Trustee have engaged in extensive communications and negotiations in an attempt to resolve the Objection and the respective rights of the Parties hereto to the Escrow Fund, and have reached an agreement with respect to the Objection, the relative rights of the Parties to the Escrow Fund, and all matters related thereto; and

WHEREAS, the Fleet Lenders and the Trustee desire to memorialize their agreement in order to expedite payment from the Escrow Fund, resolve all issues related to the Objection, and alleviate the expense and delay of further proceedings with respect thereto.

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged by the Fleet Lenders and the Trustee, it is agreed as follows:

1.    The Fleet Lenders shall be paid the following amounts from the Escrow Fund: HCA shall be paid $6,135,958.80; U.S. Bank shall be paid $1,839,941.20; and GE shall be paid $1,070,000.00. The Trustee shall be paid the balance (approx. $694,100.00 plus interest).

2

2.     The Escrow Agent shall, upon receipt of a copy of an Order of the Bankruptcy Court approving this Agreement, forthwith disburse the funds in accordance with this Settlement, and such Order shall be deemed a direction to the Escrow Agent authorizing such disbursement of the Escrow Funds.

3.     The Fleet Lenders shall have allowed administrative expense priority claims under Section 503(b) in the Chapter 11 Case in the following amounts: (1) HCA: $6,591,173.73; (2) U.S. Bank: $2,367,712.89; and GE: $887,385.47 (the "Fleet Lender Administrative Expense Claims"). This Agreement is intended to be a complete resolution of the Fleet Lender Administrative Expense Claims.

4.     The Trustee releases and waives any and all claims of the Trustee and the Debtors' bankruptcy estates against the Fleet Lenders, including, but not limited to, any claims under Chapter 5 of Title 11 of the United States Code.

5.     The Fleet Lenders release and waive (1)(a) any further secured claims or rights to payment from the Escrow Fund and (b) claims against the Trustee or the Debtors' bankruptcy estates; and (2) any and all claims as against the other Fleet Lenders relating to the Debtors and these bankruptcy proceedings. Anything to the contrary notwithstanding, the Fleet Lenders do not waive (1) the Fleet Lender Administrative Expense Claims, or (2) their general unsecured claims against the Debtors.

6.     Upon execution of this Agreement by each of the Parties hereto, the Trustee shall forthwith file a motion seeking approval of this Agreement, upon due notice to creditors and parties in interest. The Parties acknowledge and agree that this Agreement is subject to the approval of the Bankruptcy Court. However, the Parties further agree that each of the Parties hereto is bound by this Agreement unless and until the Bankruptcy Court issues an order denying

the Trustee's motion for approval thereof, upon which event this Agreement shall be of no force and effect and all Parties will be deemed restored to their respective rights without prejudice.

7.      The Parties hereto are authorized and directed to perform all acts, and execute and comply with the terms of such other documents, instruments, and agreements as may reasonably be required to effectuate the terms of this Agreement.

8.      The provisions of this Agreement shall inure to the benefit of the Parties hereto and the Debtors' bankruptcy estates, and shall be binding upon each of their respective successors and assigns.

9.      The signatures of attorneys for any of the Parties constitute a representation and warranty by said attorneys that they are authorized to execute this Agreement on behalf of their respective client.

10.     This Agreement may be executed in one or more counterparts, all of which shall be deemed to be a single original.

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

Dated: _____11-9_____, 2009       By: _____

                                       Brian F. Leonard, #62236
                                       Andrea M. Hauser, #207469
                                   100 South Fifth Street, Suite 2500
                                   Minneapolis, Minnesota 55402
                                   Telephone: (612) 332-1030
                                   Facsimile: (612) 332-2740

                                   ATTORNEYS FOR BRIAN F. LEONARD,
                                   TRUSTEE


DORSEY & WHITNEY LLP

Dated: _____, 2009      By: _____

                                       Monica Clark, #028211X
                                   50 South Sixth Street, Suite 1500
                                   Minneapolis, Minnesota 55402
                                   Telephone: (612) 340-2600
                                   Facsimile: (612) 340-2868

                                   ATTORNEYS FOR U.S. BANK NATIONAL
                                   ASSOCIATION


FAFINSKI, MARK & JOHNSON, P.A.

                                  By: _____

                                       Connie A. Lahn, #069219
Dated: _____, 2009      400 Flagship Corporate Center
                                  775 Prairie Center Drive
                                  Eden Prairie, MN 55344
                                  Telephone: (952) 995-9500
                                  Facsimile: (952) 995-9577

                                  ATTORNEYS FOR HYUNDAI CAPITAL
                                  AMERICA

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: _____, 2009

By:_____
    Brian F. Leonard, #62236
    Andrea M. Hauser, #207469
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
Telephone: (612) 332-1030
Facsimile: (612) 332-2740

ATTORNEYS FOR BRIAN F. LEONARD,
TRUSTEE

**DORSEY & WHITNEY LLP**

Dated: _____, 2009

By:_____
    Monica Clark, #028211X
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

ATTORNEYS FOR U.S. BANK NATIONAL
ASSOCIATION

**FAFINSKI, MARK & JOHNSON, P.A.**

By:_____
    Connie A. Lahn, #0269219
400 Flagship Corporate Center
773 Prairie Center Drive
Eden Prairie, MN 55344
Telephone: (952) 995-9500
Facsimile: (952) 995-9577

Dated: 11/9, 2009

ATTORNEYS FOR HYUNDAI CAPITAL
AMERICA

5

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

Dated: _____, 2009

By:_____
    Brian F. Leonard, #62236
    Andrea M. Hauser, #207469
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
Telephone: (612) 332-1030
Facsimile: (612) 332-2740

ATTORNEYS FOR BRIAN F. LEONARD,
TRUSTEE


DORSEY & WHITNEY LLP

Dated: 11/9 _____, 2009

By:_____
    Monica Clark, #028211X
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

ATTORNEYS FOR U.S. BANK NATIONAL
ASSOCIATION


FAFINSKI, MARK & JOHNSON, P.A.

Dated: _____, 2009

By:_____
    Connie A. Lahn, #069219
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, MN 55344
Telephone: (952) 995-9500
Facsimile: (952) 995-9577

ATTORNEYS FOR HYUNDAI CAPITAL
AMERICA

5

Dated: _/November 9_, 2009

KUTAK ROCK LLP

By:_____
    Jeffrey T. Wegner, #NE 18265
The Omaha Building
1650 Farnam Street
Omaha, NE 68102-2186
Telephone: (402) 346-6000
Facsimile: (402) 346-1148

ATTORNEYS FOR GELCO CORPORATION
D/B/A GE FLEET SERVICES

411976

6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:

ARC Venture Holding, Inc., et al.,

Debtors.1

BKY Case No.: 08-46367

Chapter 7
(Jointly Administered)

---

## MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S
## MOTION FOR APPROVING SETTLEMENT WITH FLEET LENDERS

### STANDARDS FOR APPROVAL OF COMPROMISE OR SETTLEMENT

The Trustee seeks an Order of this Court approving the proposed settlement, pursuant to

Federal Rule of Bankruptcy Procedure 9019.

Approval or disapproval of a proposed settlement of a dispute to which a bankruptcy estate is

a party is committed to the discretion of the Bankruptcy Court. *In re Flight Transportation Corp.*

*Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984), cert. den., 469 U.S. 1207 (1985). In

exercising this discretion, however, the Bankruptcy Court must consider several relevant factors,

which were first recognized by the Eighth Circuit in *Drexel v. Loomis*, 35 F.2d 800 (8th Circ. 1929).

*See also In re Lakeland Development Corp,*, 48 Bankr. 85 (Bankr. D. Minn. 1985), *aff'd* 782 F.2d

1048 (8th Cir. 1985), *cert. den.*, 476 U.S. 1130 (1986); *In re Hanson Industries, Inc.*, 88 Bankr. 942

(Bankr. D. Minn. 1988); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 Bankr. 982 (Bankr. D. Minn.

1989), aff'd in Memorandum Opinion and Order, CIV 4-88-740 (D. Minn. June 28, 1989). The

---

1 Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex
Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing
Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso
Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375;
Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat
Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-
Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-
40394.

Bankruptcy Court is not to rely solely upon the Trustee's representations that the settlement is in the best interests of the estate. Rather, it must make an "informed, <u>independent</u> judgment" (emphasis added) on the settlement after the parties have adequately developed the underlying facts and after the Court has thoroughly reviewed relevant parts of the record. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 and 434 (1968), *rehrg den.*, 391 U.S. 909 (1969) ("*TMT Trailer Ferry*"); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 Bankr. at 990.

## RELEVANT FACTORS UNDER DREXEL v. LOOMIS

1. <u>Probability of success in the litigation</u>.

The Fleet Lenders assert that they are entitled to receive, from the Escrow Fund identified in the Trustee's Motion, the amounts agreed to by the Debtors in the Stipulation of January 30, 2009. The Fleet Lenders argue that the amounts due them under the Stipulation exceed $12 million, which is in excess of the balance of the Escrow Fund. The Trustee's position is that, notwithstanding the Stipulation, the amounts due the Fleet Lenders from the Escrow Fund must be measured by the amount of depreciation incurred by the Debtors' rental fleet in use by the Debtors. The Fleet Lenders maintain that the depreciation of the rental fleet during the Debtors operations would exceed the entire balance of the Escrow Fund. The depreciation experienced by the Debtors' rental fleet would accordingly be the subject of conflicting expert testimony at any evidentiary hearing in this matter. By reason thereof, the outcome at an evidentiary hearing in this matter is difficult, if not impossible, to predict with any certainty.

2. <u>Potential difficulty in collection of litigated judgment</u>.

This factor is not relevant to the present analysis, due to the establishment of the Escrow Fund pursuant to an Order of the Bankruptcy Court.

3.  Complexity of the litigation and the expense, inconvenience, and delay which would be occasioned by it.

The task of an expert witness in determining the depreciation of over 5,000 vehicles, of different makes and models, would entail a great deal of time and expense. The Debtors' rental fleet consisted primarily of different models, from basic to more luxury models, of vehicles manufactured by Hyundai, Suzuki, and Chevrolet. The Trustee believes that an expert would be required to establish the value of the rental fleet as of the date the Debtor commenced its Chapter 11 case, and then determine the depreciated value of that rental fleet during the time the same was used by the Debtors. From time to time during the Debtors' Chapter 11 operations, portions of the rental fleet were sold or disposed of, and replaced with other vehicles. The Trustee believes that the cost of an expert witness to generate an opinion as to the collective amount of depreciation of the Debtors' rental fleet would be between $250,000-$300,000.00. In the event the Trustee was not successful in this litigation, the bankruptcy estate would be depleted by the the expert witness cost, and other costs and expenses of litigation, including attorney fees, with no return on that investment.

4.  The paramount interest of creditors.

The Trustee believes that the interest of creditors is best served by achieving a substantial return to the estate through the proposed settlement, while eliminating the expense and risk of protracted litigation.

5.  The settlement promotes the integrity of the judicial system.

This settlement was reached after approximately four months of negotiations between the Trustee and the Fleet Lenders, each of which were represented by separate counsel. Various analysis of the depreciation of the Debtors' rental fleet were exchanged by the parties. The settlement is an arms length resolution of what would otherwise be a hotly contested, expensive, and protracted

litigation. The settlement accordingly promotes the integrity of the judicial system because it preserves the assets of the estate, eliminates the risk of litigation, and provides a substantial return to the bankruptcy estate.

## CONCLUSION

The factors articulated in the cases cited earlier all militate in favor of granting the Trustee's motion seeking approval of the Settlement. The Settlement will provide substantial income for the bankruptcy estate, and will relieve the bankruptcy estate of the significant expense and risk of protracted litigation in this matter.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

/e/ Brian F. Leonard

Dated: November 10, 2009          By_____

Brian F. Leonard, #62236
Andrea M. Hauser, #207469
Attorneys for Brian F. Leonard, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

411898

_____

In re:                                                                    BKY Case No.:  08-46367

ARC Venture Holding, Inc., et al.,                                                    Chapter 7
                                                                      (Jointly Administered)
Debtors.[1]

_____


## ORDER APPROVING SETTLEMENT WITH FLEET LENDERS

This matter came before the Court on the Motion of Brian F. Leonard, Trustee For An

Order Approving Settlement with Fleet Lenders (the "Motion"), pursuant to a Stipulation

attached as Exhibit A to the Motion.

Appearances were noted in the record.  Based upon the Trustee's Motion, and all the files

and proceedings herein,

**IT IS HEREBY ORDERED** that the Stipulation attached to the Motion is approved and

the parties are authorized to implement the terms thereof.


Dated: _____, 2009              _____
                                                The Honorable Nancy C. Dreher
                                                Chief Judge


411850

---

[1] Jointly administered estates of the following Debtors:  ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.