# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                                          BKY Case No.:  08-46367

ARC Venture Holding, Inc., et al.,                                              Chapter 7
                                                                   (Jointly Administered)

        Debtors.[1]

_____

## MOTION FOR ORDER APPROVING
## STIPULATION FOR SETTLEMENT RE: LIVINGSTONE PARTNERS

1.      Brian F. Leonard, the Chapter 7 Trustee in this case ("**Trustee**"), U.S. Bank National Association ("**U.S. Bank**"), and Hyundai Capital America ("**HCA**"), by and through their undersigned counsel (collectively the "**Movants**"), move the Court for the relief requested below and give notice of hearing.

2.      A hearing will be held on this Motion at 10:00 o'clock a.m. on September 1, 2010 before Chief Judge Nancy C. Dreher in Courtroom 7 West, U. S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55402.

3.      Any response to this Motion must be filed and served by delivery not later than August 27, 2010, which is five (5) days before the time set for the hearing (including Saturdays, Sundays and holidays).  **UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.  The Debtors filed their Chapter 11 Petition on December 8, 2008.  This case was

---

[1] Jointly administered estates of the following Debtors:  ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

converted to a Chapter 7 case on June 3, 2009.

5.     The Movants move the Court for an order authorizing and approving a Stipulation for Settlement (the "**Stipulation**") which is attached as Exhibit A, the terms of which are fully incorporated herein, which resolves the claims of the Trustee, U.S. Bank, and HCA, against Livingstone Partners, LLC, which are grounded in the well drafted opinion and Order of this Court dated June 9, 2010 (the "**Disgorgement Order**").

6.     The Disgorgement Order directs Livingstone Partners, LLC ("**Livingstone**") to disgorge fees of $1.7 million dollars awarded and paid to Livingstone in the Debtors' Chapter 11 case.

7.     On February 25, 2009, the Unsecured Creditors' Committee in the Debtors' Chapter 11 case filed an Application to appoint Livingstone as its investment banker.  The Court ultimately approved Livingstone's employment subject to certain other conditions, in an Order dated March 18, 2009 (the "**Retention Order**").  The Retention Order provided that Livingstone's fee shall be subordinate to the post-petition administrative allowed claims of certain named professionals and the postpetition adequate protection liens and payments due to the Fleet Lenders.

8.     Livingstone eventually received a payment of $1,700,000.00 pursuant to the Retention Order.  This bankruptcy case is demonstrably administratively insolvent.  In light thereof, on April 1, 2010, the Trustee, HCA, and U.S. Bank filed a Motion seeking an order requiring Livingstone to disgorge its $1.7 million dollar fee.  Livingstone objected to the Motion, and the Court overruled Livingstone's objection and issued the Disgorgement Order.

9.     Movants have reviewed certain of Livingstone's tax returns, financial statements, documents reflecting the use and application of the $1.7 million dollar fee, and other information

regarding Livingstone's capacity to return $1.7 million dollars. The Movants have reluctantly concluded that Livingstone may not have the financial capacity to refund even a majority portion of the fees in question. Livingstone appears to be a stand alone entity having approximately 20 employees and 4 principals. The amount disgorged will be shared only by the professionals and the Fleet Lenders identified in the Retention Order.

10.    Under the Stipulation, Livingstone is required to disgorge $625,000.00, of which $500,000.00 is payable in cash immediately and additional $125,000.00 is payable no later than June 30, 2011 or $250,000.00 payable by December 31, 2011.

11.    In the event any testimony or evidence is to be presented at any hearing on this Motion, the Movants may call as witnesses to give testimony and offer evidence the following persons: Brian F. Leonard, Trustee, Michael Meyer, attorney at law, representatives of U.S. Bank and HCA, and one or more principals of Livingstone.

**WHEREFORE**, Movants respectfully request that the Court enter an Order approving the Stipulation attached as Exhibit A hereto, and directing the parties to consummate the same, and for such other relief as the Court deems just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: July 23, 2010                    By    /e/ Andrea M. Hauser
                                                Andrea M. Hauser, #207469
                                                *ahauser@losgs.com*
                                                Brian F. Leonard, #62236
                                                *bleonard@losgs.com*
                                                100 South Fifth Street, Suite 2500
                                                Minneapolis, MN  55402
                                                (612) 332-1030

FAFINSKI MARK & JOHNSON, P.A.

Dated: July 21, 2010

By: _Connie a Lah_

    Connie A. Lahn, #0269219
    David E. Runck, #0289954
    Lorie A. Klein, #311790
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, Minnesota 55344
Telephone: (952) 995-9500

ATTORNEYS FOR HYUNDAI CAPITAL
AMERICA


DORSEY & WHITNEY LLP

Dated: July _____, 2010

By:_____

    Thomas O. Kelly, #189960
    Monica Clark, #28211X
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR U.S. BANK
NATIONAL ASSOCIATION

4

**FAFINSKI MARK & JOHNSON, P.A.**

Dated: July _____, 2010

By:_____
    Connie A. Lahn, #0269219
    David E. Runck, #0289954
    Lorie A. Klein, #311790
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, Minnesota 55344
Telephone: (952) 995-9500

ATTORNEYS FOR HYUNDAI CAPITAL
AMERICA

**DORSEY & WHITNEY LLP**

Dated: July _22_, 2010

By:_____
    Thomas O. Kelly, #189960
    Monica Clark, #28211X
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR U.S. BANK
NATIONAL ASSOCIATION

## <u>VERIFICATION</u>

I, Brian F. Leonard, declare under penalty of perjury, that the information contained in the foregoing Motion is true and correct to the best of my information and knowledge.

Dated: July 23, 2010                          /e/ Brian F. Leonard_____
                                            Brian F. Leonard, Trustee

423957

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                      BKY Case No.: 08-46367

ARC Venture Holding, Inc., *et al.*,                        Chapter 7
                                                            (Jointly Administered)
Debtors.[1]

## STIPULATION FOR SETTLEMENT OF DISGORGEMENT ORDER REGARDING LIVINGSTONE PARTNERS, LLC

This Stipulation is by and among Brian F. Leonard, as Trustee of the above-captioned bankruptcy estates, U.S. Bank National Association (**"U.S. Bank"**), Hyundai Capital America (**"HCA"**) (collectively, the **"Movants"**), and Livingstone Partners, LLC (**"Livingstone"**).

**WHEREAS**, the Trustee, HCA, and U.S. Bank filed a Motion dated April 1, 2010 (the **"Motion"**) seeking an order requiring Livingstone to disgorge fees of $1.7 million dollars awarded and paid to Livingstone in the Debtors' Chapter 11 case; and

**WHEREAS**, Livingstone objected to the Motion; and

**WHEREAS**, the Court issued its Findings of Fact, Conclusions of Law, and Order granting the Motion on June 9, 2010 (the **"Disgorgement Order"**), ordering Livingstone to disgorge to the bankruptcy estates the $1.7 million dollars Livingstone had previously received (the **"Disgorgement Amount"**); and

---

[1] Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.



Ex. A

**WHEREAS**, the Movants and Livingstone have engaged in substantial negotiations regarding resolution of the controversy, and Livingstone has stated that, failing a resolution thereof, it would file and prosecute an appeal of the Disgorgement Order; and

**WHEREAS**, the Movants have reviewed financial records, tax returns, and related documents and information provided by Livingstone regarding its financial condition, its affiliated entities, and its capacity for complying with the Disgorgement Order; and

**WHEREAS**, in order to avoid the further delay and expense of litigation, including Livingstone's appeal, the parties have agreed as follows:

1.    In full and final satisfaction of all of Livingstone's obligations under the Disgorgement Order, Livingstone shall make the following two payments to the bankruptcy estates, by remitting, to the Trustee, (i) $500,000.00 (the "Initial Payment") within five (5) days of the date a final and non-appealable order approving this Stipulation is issued, and (ii) either (a) $125,000.00 no later than June 30, 2011, or (b) if Livingstone fails to make the $125,000.00 payment by June 30, 2011, $250,000 by December 31, 2011.

2.    Livingstone shall deposit the Initial Payment into the trust account of the Ravich, Meyer law firm within seven (7) days of the date this Stipulation is fully executed, which Initial Payment shall be remitted to the Trustee as set forth in paragraph 1.

3.    To induce the Movants to enter into this Stipulation, as a condition of this Stipulation, Livingstone agrees to execute and deliver to the Trustee the Confession of Judgment for the Disgorgement Amount, in the form of Exhibit A attached hereto. In the event that Livingstone fails to make the payments described in this Stipulation, Livingstone agrees that the Trustee may promptly enter the Confession of Judgment in the Disgorgement Amount, plus

2

interest at the federal judgment rate from and after June 9, 2010, less any amounts paid by Livingstone under the Stipulation.

    4.    After full execution of this Stipulation, the Movants shall file a motion, with proper notice to parties in interest, seeking approval of this Stipulation. In the event the Bankruptcy Court does not approve this Stipulation, the Stipulation, including the attached Confession of Judgment, shall be deemed null and void for all purposes, and all parties shall be restored to all of their rights, defenses, and claims, including but not limited to the right of Livingstone to file an appeal of the Disgorgement Order pursuant to the Federal Rules of Bankruptcy Procedure.

    5.    Except for the obligations of Livingstone under this Stipulation, effective upon Court approval of this Stipulation and Livingstone's full payment under this Stipulation, the parties release each other, and their successors, assigns, insurers, indemnitors, agents, employees and other persons acting lawfully on their behalf, from any and all claims, obligations, or debts, known or unknown, which relate to these cases and which exist as of the date of this Stipulation. Notwithstanding anything to the contrary, the foregoing release shall not apply to K&L Gates LLP or Christopher Falk.

    6.    The attorneys signing this Stipulation certify that they have the authorization of their clients to so sign and bind the clients to the terms hereof.

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

Dated: July 19, 2010

By: _____
    Andrea M. Hauser, #207469
    Brian F. Leonard, #62236
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Telephone: (612) 332-1030

ATTORNEYS FOR CHAPTER 7 TRUSTEE


FAFINSKI MARK & JOHNSON, P.A.

Dated: July 19, 2010

By: _____
    Connie A. Lahn, #0269219
    David E. Runck, #0289954
    Lorie A. Klein, #311790
400 Flagship Corporate Center
775 Prairie Center Drive
Eden Prairie, Minnesota 55344
Telephone: (952) 995-9500

ATTORNEYS FOR HYUNDAI CAPITAL
AMERICA

4

**DORSEY & WHITNEY LLP**

Dated: July 20, 2010

By: _McClark_ _____
     Thomas O. Kelly, #189960
     Monica Clark, #28211X
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR U.S. BANK
NATIONAL ASSOCIATION

**RAVICH MEYER KIRKMAN MCGRATH
NAUMANN & TANSEY P.A.**

Dated: July 20, 2010

By: _____
     Michael L. Meyer, # 0072527
4545 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 332-8511

ATTORNEYS FOR LIVINGSTONE
PARTNERS, LLC

424046

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    BKY Case No.: 08-46367

ARC Venture Holding, Inc., *et al.*,                                    Chapter 7
                                                          (Jointly Administered)
                        Debtors.[1]

## CONFESSION OF JUDGMENT

Livingstone Partners, LLC ("Livingstone") hereby executes this statement and

Confession of Judgment pursuant to Minn. Stat. §§ 548.22 and 548.23, and as and for such

purpose states, confesses, and agrees as follows:

1. On April 1, 2010, Brian F. Leonard, as Trustee of the above-captioned bankruptcy

estates (the "Trustee"), U.S. Bank National Association ("U.S. Bank"), and Hyundai Capital

America ("HCA") (collectively, the "Movants") filed a Motion seeking an order requiring

Livingstone to disgorge $1.7 million dollars in fees awarded and paid to Livingstone in the

Debtors' Chapter 11 case.

2. On June 9, 2010, this Court entered its Findings of Fact, Conclusions of Law and

Order Granting Motion to Disgorge Fees of Livingstone Partners, LLC (the "Disgorgement

Order"), requiring Livingstone to disgorge $1.7 million to the Debtors' estates.

---

[1]     Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

3. In full and final satisfaction of all of Livingstone's obligations under the Disgorgement Order, Livingstone has agreed to make the payments set forth in the Stipulation for Settlement of Disgorgement Order Regarding Livingstone Partners, LLC (the "Stipulation"), a true and correct copy of which is attached hereto and made a part hereof.

4. As specifically required by the Stipulation, Livingstone has agreed to execute this Confession of Judgment, in acknowledgement of its debt to the Movants and to minimize collection costs, attorneys' fees, and expenses.

5. In the event that Livingstone fails to make the payments described in the Stipulation, Livingstone irrevocably authorizes and appoints the Trustee to appear for it in this Court, to waive the issuance of service of process, and to confess judgment against it in the sum of One Million Seven Hundred Thousand Dollars ($1,700,000), plus interest at the federal judgment rate from and after June 9, 2010, less any amounts paid by Livingstone under the Stipulation. Livingstone also shall be liable for legal fees and costs incident to obtaining the judgment under this Confession of Judgment, plus taxes allowed by this Court.

6. An Affidavit of Amounts Due may be filed to reflect the unpaid balance of amounts due under this Confession of Judgment.

7. Livingstone hereby consents to the immediate execution of any judgment confessed against it and waives stay of execution thereon, waives and releases all errors which may intervene in such action, and ratifies and confirms all that the Trustee may do in connection with such action or by virtue thereof. The Trustee's failure to enforce this Confession of Judgment in the event of any failure to make the payments set forth in the Stipulation shall not constitute a waiver of the right to do so at any subsequent time.

8. Livingstone represents and warrants that all necessary action has been taken for the execution of this Confession of Judgment and knows of no restriction or legal impediment by which it is bound that would prohibit execution hereof.

9. Livingstone irrevocably consents to the jurisdiction of this Court for the purposes of this Confession of Judgment.

10. This Confession of Judgment shall be binding on Livingstone's successors and assigns and shall be construed in accordance with the laws of the State of Minnesota.

11. Livingstone specifically waives any hearing which may be required prior to obtaining a judgment by confession and acknowledges that it had an opportunity to have independent legal counsel review this Confession of Judgment and fully understands and agrees to each, all, and every provision thereof, hereby acknowledging receipt of a copy hereof.

LIVINGSTONE PARTNERS, LLC

By _____
Its _____

The foregoing instrument was acknowledged
before me this _____ day of June, 2010
by _____ as _____
of Livingstone Partners, LLC, on behalf of said limited
liability company.


_____
Notary Public

## **VERIFICATION**

_____, first being duly sworn on oath deposes and says that he is the

_____ of Livingstone Partners, LLC, a limited liability company, that he knows the

facts and contents set forth in the foregoing Confession of Judgment, that the statements

contained therein are true and correct of his own personal knowledge, that he has full power and

authority to sign this Confession of Judgment on behalf of Livingstone Partners, LLC and he

signs said Confession of Judgment for the purposes contained therein, as the free act and deed of

the company for the purposes contained therein.

LIVINGSTONE PARTNERS, LLC

By _____

Its _____

Subscribed and sworn to before me this _____ day of _____, 2010, by
_____, the _____ of Livingstone Partners, LLC, a limited
liability company, on behalf of the company.


_____
Notary Public
My Commission Expires _____.

_____

In re:                                                    BKY Case No.:  08-46367

ARC Venture Holding, Inc., et al.,                              Chapter 7
                                                    (Jointly Administered)
                    Debtors.[1]

_____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
## APPROVAL OF STIPULATION FOR SETTLEMENT

The Movants seek an Order of this Court approving the Stipulation for Settlement, which is

attached as Exhibit A to the Motion, pursuant to Federal Rule of Bankruptcy Procedure 9019.  The

Motion is based upon a settlement reached with Livingstone Partners, LLC, relative to Livingstone's

liability to pay $1.7 million dollars to this bankruptcy estate based on the Order of this Court dated

June 9, 2010.

## <u>STANDARDS FOR APPROVAL OF COMPROMISE OR SETTLEMENT</u>

Approval or disapproval of a proposed settlement of a dispute to which a bankruptcy estate is

a party is committed to the discretion of the Bankruptcy Court.  *In re Flight Transportation Corp.*

*Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984), <u>cert. den</u>., 469 U.S. 1207 (1985).  In

exercising this discretion, however, the Bankruptcy Court must consider several relevant factors,

which were first recognized by the Eighth Circuit in *Drexel v. Loomis*, 35 F.2d 800 (8th Circ. 1929).

*See also In re Lakeland Development Corp*, 48 Bankr. 85 (Bankr. D. Minn. 1985), *aff'd* 782 F.2d

1048 (8th Cir. 1985), *cert. den.*, 476 U.S. 1130 (1986); *In re Hanson Industries, Inc.*, 88 Bankr. 942

---

1 Jointly administered estates of the following Debtors:  ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex
Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing
Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso
Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375;
Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat
Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-
Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-
40394.

(Bankr. D. Minn. 1988); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 Bankr. 982 (Bankr. D. Minn. 1989), <u>aff'd</u> in Memorandum Opinion and Order, CIV 4-88-740 (D. Minn. June 28, 1989). The Bankruptcy Court is not to rely solely upon the Trustee's representations that the settlement is in the best interests of the estate. Rather, it must make an "informed, <u>independent</u> judgment" (emphasis added) on the settlement after the parties have adequately developed the underlying facts and after the Court has thoroughly reviewed relevant parts of the record. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 and 434 (1968), *rehrg den.*, 391 U.S. 909 (1969) ("*TMT Trailer Ferry*"); *In re Hancock-Nelson Mercantile Co., Inc.*, 95 Bankr. at 990.

## <u>RELEVANT FACTORS UNDER DREXEL v. LOOMIS</u>

1.      <u>Probability of success in the litigation</u>.

The Court entered an Order on June 9, 2010 obligating Livingstone to repay this bankruptcy estate the $1.7 million dollars Livingstone received as payment for professional services during the Debtor's Chapter 11 case. Livingstone has threatened to appeal the Order. However, the Movants believe that Judge Dreher's Order was well drafted and is well grounded in the applicable law and facts, particularly in the express terms of the Order which authorized the retention of Livingstone in the Debtor's Chapter 11 case. The Movants are confident that they will prevail in any appeal.

2.      <u>Potential difficulty in collection of litigated judgment</u>.

This is the primary issue which drives the settlement. The Movants have reviewed tax returns and financial information of Livingstone, as well as Livingstone's records showing the application of the $1.7 million dollars in question. Livingstone apparently is a stand-alone company (notwithstanding a somewhat misleading website that suggests an association with affiliates in Spain and England). Movants have concluded, however reluctantly, that Livingstone does not have

2

financial resources with which to pay the entire $1.7 million dollars. The Settlement Agreement provides immediate payment of $500,000.00, and a deferred payment of $125,000.00 if paid by June 30, 2011, or $250,000.00 if paid by December 31, 2011. The Settlement Agreement further provides that Livingstone is to execute a confession of judgment for the entire $1.7 million dollars, less amounts actually paid, to be utilized for collection purposes by the Movants in the event Livingstone fails to make the payments required under the Settlement Agreement.

3. <u>Complexity of the litigation and the expense, inconvenience, and delay which would be occasioned by it</u>.

An appeal of the Disgorgement Order would delay the resolution of this matter by several months, and would consume a certain amount of resources of this bankruptcy estate. Movants believe that it would prevail on appeal, but costs of appealing could amount to $25-40,000.00.

4. <u>The paramount interest of creditors</u>.

The general unsecured creditors will not share in the disgorged payment from Livingstone. Pursuant to the Retention Order, the class of creditors which will benefit from the Livingstone payments is restricted to certain Chapter 11 administrative claimants identified in the Retention Order, which are certain of the Debtor's professionals and the adequate protection claims of the Fleet Lenders.

5. <u>The settlement promotes the integrity of the judicial system</u>.

The Disgorgement Order carries through the express terms of the Retention Order, which subordinated the Chapter 11 administrative claims of Livingstone to other certain administrative claimants. By achieving a substantial payment (albeit less than 50% of Livingstone's liability), the integrity of the Orders in the Chapter 11 case are maintained.

## <u>CONCLUSION</u>

The factors articulated in the cases cited earlier all militate in favor of granting the Trustee's motion seeking approval of the Stipulation for Settlement. The Stipulation for Settlement will provide substantial income for the bankruptcy estate, and will relieve the bankruptcy estate of the significant expense and risk of protracted litigation in this matter.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**


Dated: July 23, 2010                    By    /e/ Andrea M. Hauser
                                                Andrea M. Hauser, #207469
                                                *ahauser@losgs.com*
                                                Brian F. Leonard, #62236
                                                *bleonard@losgs.com*
                                                100 South Fifth Street, Suite 2500
                                                Minneapolis, MN  55402
                                                (612) 332-1030

423963

_____

In re:                                                               BKY Case No.:  08-46367

ARC Venture Holding, Inc., et al.,                                              Chapter 7
                                                                   (Jointly Administered)

               Debtors.[1]

_____

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2010, I caused the following documents:

> ***Motion for Order Approving Stipulation for Settlement Re: Livingstone Partners, Memorandum of Law and Order (proposed)***

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a)

                                   /e/  Stephanie Wood

Dated:  July 23, 2010                                    _____
                                                         Stephanie Wood
                                                         100 South Fifth Street, Suite 2500
                                                         Minneapolis, MN  55402
                                                         (612) 332-1030

425313

---

[1] Jointly administered estates of the following Debtors:  ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                    BKY Case No.: 08-46367

ARC Venture Holding, Inc., et al.,                                          Chapter 7
                                                                (Jointly Administered)

                              Debtors.[1]

_____

## ORDER APPROVING STIPULATION

        This matter came before the Court on the Motion of Brian F. Leonard, Trustee, U.S. Bank

National Association, and Hyundai Capital America for an Order approving a Stipulation for

Settlement which is attached as Exhibit A to the Motion, related to the claims against

Livingstone Partners, LLC pursuant to this Court's Order of June 9, 2010.

        Based upon the Trustee's Motion, and all the files and proceedings herein,

        **IT IS ORDERED** that the Stipulation for Settlement attached to the Motion is approved

and the parties are authorized to implement the terms thereof.


Dated: _____, 2010            _____

                                             Nancy C. Dreher
                                             Chief Judge



423961

_____

[1] Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.